## SIFF v. FORBES.

(Supreme Court, Appellate Division, First Department. December 3, 1909.)

1. ASSOCIATIONS (§ 18*)—AUTHORITY OF COMMITTEE TO BORROW MONEY.

Authority of a committee of an unincorporated voluntary organization to borrow money, making members of the association liable, is not to be implied from the existence of a general power to attend to or transact business or promote the objects for which the association was formed, except when the debt is necessary for its existence, which is not the case where the money borrowed by a committee of a political party is used to extricate from difficulties newspapers issued as organs of the party, but the existence of which is not so tied up with its existence that its preservation depends on their preservation.

[Ed. Note.—For other cases, see Associations, Cent. Dig. § 33; Dec. Dig. § 18.*]

2. ASSOCIATIONS (§ 18*)—BORROWING OF MONEY BY COMMITTEE—RATIFICATION.

The borrowing of money by a committee of a political party is not ratified by being reported to and approved by its national convention; its constitution giving no direct power to such convention to incur debts binding on it, but only to frame a platform, decide the form of organization, select the national executive committee and board of appeals, and investigate and decide all difficulties within the party, and all the acts of the convention being required to be submitted to the sections for a general vote.

[Ed. Note.—For other cases, see Associations, Dec. Dig. § 18.*]

3. ASSOCIATIONS (§ 18*)—BORROWING OF MONEY BY COMMITTEE—RATIFICATION.

The report of a committee of a political party to its national convention of the borrowing of money cannot, in the absence of a reference to the sections, the constitution of the party requiring a reference of all the convention's acts to the sections for a general vote, be assumed to have given the party at large any knowledge of the report, without which its silent acquiescence cannot be construed into a ratification.

[Ed. Note.—For other cases, see Associations, Dec. Dig. § 18.*]

Appeal from Appellate Term.

Action by Ephraim Siff against Eber Forbes, as Treasurer of the Socialistic Labor Party. From a determination of the Appellate Term (63 Misc. Rep. 319, 117 N. Y. Supp. 143), affirming a judgment of the City Court for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Benjamin Patterson, for appellant.
Nathan Burkan, for respondent.

SCOTT, J. Defendant appeals from a determination of the Appellate Term, affirming a judgment of the City Court in favor of plaintiff.

The plaintiff sues for money alleged to have been loaned to the Socialistic Labor Party, an unincorporated voluntary organization. It is conceded that this action is controlled by the rule in McCabe v. Goodfellow, 133 N. Y. 89, 30 N. E. 728, 17 L. R. A. 204; that in order to succeed the plaintiff must show that all the members of the association are liable either jointly or severally to pay the debt, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

that the individual liability for debts contracted by officers or committees depends upon the application of the principal of the law of agency; that authority to create such liability will not be presumed or implied from the existence of a general power to attend to or transact business or promote the objects for which the association is formed, except when the debt contracted is necessary for its preservation. The loan upon which this action is based was contracted by the national executive committee of the party. It is not contended that this committee had any direct authority to incur indebtedness on behalf of all the members.

It is testified to by some of the witnesses that the incurring of the indebtedness was reported to and approved by the national convention, and this is claimed to have been a sufficient ratification. We cannot find, in the constitution, any direct authority given to the national convention to incur debts which shall be binding upon the members of the party generally. The convention is given power to frame a platform, decide the form of organization, select the seats of the national executive committee and board of appeals, and investigate and decide all difficulties within the party. All acts of the convention must be submitted to the sections for a general vote. Assuming that the convention ratified the loan, this was not equivalent to ratification by the party at large, in the absence of a reference to the sections for a general vote.

The court below suggested that the report to the national committee gave the party at large a knowledge of the transaction, and that its silent acquiescence was a sufficient ratification. In the absence of a reference to the sections, it cannot be assumed that the party at large had any knowledge of a report made to the convention, and in the absence of knowledge "silent acquiescence" certainly cannot be construed into ratification.

Although it seems to be now claimed that the money was advanced to preserve the existence of the party, the evidence does not bear out the claim, and the court expressly took that question from the jury without apparently any objection on the part of plaintiff. It is extremely difficult to trace the disposition of the money; but it appears that at least a part of it was devoted to extricating certain newspapers from difficulties. These papers were issued as organs of the party; but their existence was not so tied up with the existence of the party as to justify a holding that the preservation of the party depended upon their preservation.

The determination of the Appellate Term and the judgment of the City Court must be reversed, and a new trial granted, with costs to appellant in all courts to abide the result. All concur.